IN THE UNITED STATES DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LAUREN HADA,** *Plaintiff* § § § § | |
| VS. § § § § § | CIVIL ACTION NO. 5:19-cv-129 JURY TRIAL REQUESTED |
| **UNITED STATES OF AMERICA,** *Defendant* § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT

Lauren Hada, plaintiff, by and through her attorneys, The Law Offices of Thomas J. Henry, now come before this Court and complains of the United States of America, as follows:

### I.  PARTIES

1. Lauren Hada is an individual residing in Harris County, Texas, and thus is a resident of the Southern District of Texas.

2. The Defendant is the United States of America. The Defendant may be served with summons upon, Stephanie Rico, agent for service of process for the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

### II.  JURISDICTION AND VENUE

3. The claims herein are brought against The United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* and 28 U.S.C. §1346(b) for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States of America while acting within the course and scope of their offices and employment, under

circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Texas.

4. Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Guadalupe County, Texas, which is within the Western District of Texas – San Antonio Division.

5. Plaintiff requests a trial by jury.

### III.   CONDITIONS PRECEDENT

6. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on the appropriate Federal Agency.

8. The appropriate Federal Agency failed to make a final disposition of Plaintiffs' claims within six months after Plaintiffs' claims were filed, and such failure is deemed by Plaintiffs to be a final denial pursuant to 28 U.S.C. §2675.

### IV.   SUMMARY

9. On July 3, 2017, Plaintiff was traveling in her vehicle in a lawful manner when she was struck violently on the front passenger's quarter panel by the 1990 Postal Vehicle owned by the United States Postal Service and operated by Michaela Jacobs. On the day in question the United States Postal Service vehicle was traveling westbound on Zunker Street in Seguin, Guadalupe County, Texas, at the intersection with Burgess St. Ms. Jacobs failed to yield the right of way from a stop sign and struck the front passenger's quarter panel of Plaintiffs' vehicle, and her failing to yield the right of way at a stop sign was noted as a contributing factor on the crash report..

## V. COUNT I – NEGLIGENCE

10. Plaintiffs incorporate by reference herein all allegations set forth above.

11. On July 3, 2017, Plaintiff was traveling in a 2014 Dodge Charger in a lawful manner while traveling northbound on Burgess St in Seguin, TX.

12. Michaela Jacobs was traveling westbound on Zunker St in Seguin, TX.

13. At all times relevant hereto, Michaela Jacobs was acting within the course and scope of her office and employment with Defendant the United States of America, specifically as a member of the United States Postal Service.

14. Michaela Jacobs operated the vehicle in a negligent manner and violated the duty which she owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

    a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c. in failing to turn the vehicle in an effort to avoid the collision in question;

    d. in failing to sound horn to warn of imminent danger;

    e. in failing to pay proper attention while driving; and

    f. in failing to yield the right of way coming from a stop sign.

15. Each of these acts and/or omissions of Michaela Jacobs, whether taken singularly or in any combination constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered

and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

### VII. DAMAGES

16. As a direct and proximate result of the collision and the negligent conduct of the Michaela Jacobs, Plaintiffs suffered severe bodily injury to the neck, upper back, lower back, and other parts of body generally. The injuries are permanent in nature and have had a serious effect on Plaintiffs' health and well-being. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

17. As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

18. As a consequence of the injuries sustained by Plaintiffs, they has sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause Plaintiffs to suffer long into the future, if not for the balance of their natural lives.

19. Specifically, as a direct and proximate result of the negligent acts of Michaela Jacobs, Plaintiffs have endured significant pain and suffering, mental anguish, and physical

impairment as a result of the collision in question. Plaintiffs continue to seek treatment for their injuries sustained in the collision in question.

## VIII. PRAYER FOR RELIEF

20. WHEREFORE, Plaintiff is entitled to damages from the United States of America, and they do hereby pray that judgment be entered in their favor and against the United States of America as follows:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of past wages;
12. Loss of future wages;
13. Loss of wage earning capacity;
14. Loss of consortium
15. Property damage; and
16. Loss of use.

Plaintiffs further seek any further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,
**THOMAS J. HENRY, INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401
Tel: (210) 985-0600
Fax: (361) 985-0601

By: _____
Thomas J. Henry
State Bar No.: 09484210
Kyle L. Mathis
State Bar No.: 24088894
*E-Mail: kmathis-svc@tjhlaw.com
**Attorneys for Plaintiffs**
*Service by e-mail to this address only